UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **FREDERICK MYERS,** | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) Civil Action No.: 2:09CV116-WHA |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) |
| a/k/a MIDLAND FUNDING, a foreign corporation, | ) |
| and **PROVIDIAN BANK**, a foreign corporation, | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through his attorney of record, and would show unto the Court as follows:

### PRELIMINARY STATEMENT

1.  This petition is an action for statutory and actual damages brought by an individual consumer Frederick Myers (hereinafter referred to as "Plaintiff") against Defendants Midland Credit Management, Inc. (hereinafter referred to as "Midland") and Providian Bank (hereinafter referred to as "Providian") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter referred to as "FDCPA"), to obtain injunctive and declaratory relief. In addition, this petition seeks statutory and actual damages under the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1 *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The violations of Plaintiff's rights as alleged herein occurred in Elmore County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

## PARTIES

4. Plaintiff Frederick Myers is a natural person and is a resident and citizen of Elmore County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

5. Defendant Midland Credit Management, Inc. is a foreign corporation engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where MIDLAND regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

6. Defendant Providian Bank is a foreign corporation engaged in the business of furnishing credit to consumers located within the State of Alabama.

## FACTUAL ALLEGATIONS

7. Plaintiff restates and reiterates herein all previous paragraphs.

8. Prior to October 16, 2008, Providian corresponded with Plaintiff in an attempt to collect the sum of $1,979.05 on a revolving credit account. (*See* **Exhibit "A"**, Letter from Holloway & Moxley, LLP). Even though Plaintiff repeatedly advised Providian that he did not own the account, Providian sold the account to Midland.

9. Subsequent to Providian's sale of this account to Midland, Midland contacted Plaintiff in an attempt to collect on this account. (Id.). In response thereto, Plaintiff again submitted written correspondence to Midland disputing the validity of this account. (*See* **Exhibit "B"**, Oct. 16, 2008 Dispute Letter). Because Plaintiff had not received a response thereto, he sent a second dispute letter on October 31, 2008 to Midland. (*See* **Exhibit "C"**, October 31, 2008 Dispute Letter).

10. Subsequently, Plaintiff received correspondence from Midland's attorney dated October 23, 2008. (*See* **Exhibit "D"**, October 23, 2008).

11. Such information included, among other things, a statement indicating that Plaintiff owed the sum of $3,014.62 to Midland because of its purchase of a Providian account allegedly belonging to Plaintiff. (*See* **Exhibit "E"**, MCM Collection Letter).

12. Notwithstanding the fact that Plaintiff repeatedly disputed the validity of this account, Defendants continued their collection efforts including, but not limited to, filing a lawsuit against Plaintiff.[1]

---

[1] Small Claims Court of Elmore County, Alabama; Case No.: 29-SM-2008-900429.00

13. Defendants have falsely and inaccurately represented to others, including one or more of the credit reporting agencies, that Plaintiff owes money on an alleged account.

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
## **15 U.S.C. § 1692 *et seq.***

14. Plaintiff restates and reiterates herein all previous paragraphs.

15. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, the following actions of Defendants violated the FDCPA:

    a)  contacting Plaintiff after he requested that they cease and desist;

    b)  contacting Plaintiff in a harassing manner and using harassing techniques in an attempt to collect the alleged debt;

    c)  attempting to collect a debt which is not legally owed;

    d)  taking illegal actions against Plaintiff;

    e)  continuing to contact Plaintiff on this invalid debt;

    f)  failing to provide validation of the debt; and

    g)  reporting the invalid debt on Plaintiff's credit report.

16. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard of Plaintiff's rights.

17. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-

cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

18. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

## COUNT TWO
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3 *et seq.*

19. Plaintiff restates and reiterates herein all previous paragraphs.

20. The conduct described herein has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

21. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3 *et seq.* and in the course of business that is prohibited, unfair, and deceptive.

22. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collecting business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

23. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

24. Defendants' unfair and deceptive acts have proximately caused emotional and actual damaged and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## NEGLIGENCE

25. Plaintiff restates and reiterates herein all previous paragraphs.

26. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

27. Defendants' negligent acts were purposeful to illegally coerce Plaintiff into paying the alleged debt.

28. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

29. As a result of Defendants' unlawful acts, Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FOUR
## HARASSMENT

30. Plaintiff restates and reiterates herein all previous paragraphs.

31. Defendants' acts, as described herein, were done so negligently and without care or concern for Plaintiff's well being. Defendants' harassing collection tactics created a hostile environment for Plaintiff.

32. Defendants wrongfully exploited Plaintiff in an attempt to coerce him into paying the alleged debt.

33. Defendants' communications to Plaintiff were offensive and harassing.

34. As a proximate consequence of Defendants' harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT FIVE
## INVASION OF PRIVACY

35. Plaintiff restates and reiterates herein all previous paragraphs.

36. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

37. As a direct and proximate consequence of Defendants' acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

38. Plaintiff restates and reiterates herein all previous paragraphs.

39. There exists a dispute over whether Defendants have violated the FDCPA and Alabama Deceptive Trade Practices Act.

40. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA and Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-3 *et seq.* and Plaintiff is similarly entitled to an order enjoining said acts.

41. As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

42. Defendants' actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment,

humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff state and federal statutory damages;

e) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY submitted this the 9th day of January, 2009.

/s/ Anthony B. Bush
Anthony B. Bush
*Counsel for Plaintiff*
Anderson Nelms & Associates, LLC
Sterling Bank Building, Third Floor
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066
Phone:       (334) 351-1770
Facsimile:   (334) 351-1774

Email:anthonybush@andersonnelms.com
ASB ID #: ASB-7306-A54B

**DEFENDANT(S) MAY BE SERVED AT THE FOLLOWING ADDRESS(ES):**

**Providian Bank**
4900 Johnson Drive
Pleasanton, California 94588

**Midland Credit Management, Inc.**
Robin R. Pruitt, General Counsel
8875 Aero Drive, Suite 200
San Diego, CA 92123-2255